UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

HAROLD OROZCO FRITZ,

                      Plaintiff,          DECISION AND ORDER

                                       20-CV-7055-CJS-MJP

vs.

REALPAGE, INC.,

                      Defendant.

───────────────────────────────────────────

**Pedersen, M.J.** This case was referred to the undersigned by the Honorable Charles J. Siragusa on February 9, 2021, for all non-dispositive pretrial matters (ECF No. 7.) Presently before the Court is Defendant Realpage, Inc.'s ("Defendant") motion to transfer venue, filed February 16, 2021. (ECF No. 9.) For the reasons stated below, the Court denies Defendant's motion to transfer venue.

## BACKGROUND

Plaintiff Harold Orozco Fritz ("Plaintiff") commenced this action on December 9, 2020, alleging Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, and the New York Fair Credit Reporting Act ("NYFCRA"), N.Y. Gen. Bus. Law§ 380. Defendant is incorporated under the laws of Delaware and is headquartered in Richardson, Texas. Defendant provides several services to landlords to assist them in evaluating prospective tenants. Defendant's business is predominantly located in Richardson, Texas, including the executive leadership team, information technology operations employees, and Defendant's computer servers. Defendant conducts business in all fifty states.

Plaintiff has lived in Rochester for more than five years and in the spring of 2020, he sought to move to a new apartment in the Rochester area. He applied to two locations: Villas of Victor Apartments and Auburn Creek Apartments. Property managers for both apartment complexes requested and received a screening report from Defendant regarding Plaintiff. Plaintiff alleges that both applications were denied based on inaccurate reports produced by Defendant.

## MAGISTRATE JUDGE JURISDICTION

The relevant statute provides a list of dispositive pretrial matters which may be referred to a magistrate judge for purposes of issuing a report and recommendation for consideration by the District Court. 28 U.S.C. § 636(b)(l). A motion for change of venue is not listed among the types of relief in § 636(b) that are expressly dispositive. *Id*. Moreover, courts, including those within this Circuit, have differed as to whether a motion to change venue is dispositive or non-dispositive in nature. *C.f. Cott v. Decas Botanical Synergies, LLC*, 11 CV 552, 2011 U.S. Dist. LEXIS 156223, *12, 2011 WL 9082627 (W.D.N.Y. Dec, 23, 2011) (if granted, motion to transfer venue is dispositive as to this court); and *Payton v. Saginaw Country Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010) (motion to transfer venue between divisions within the district court was a case dispositive matter); with *Gendreau v. Kigawa*, 13 CV 3217, 2014 U.S. Dist. LEXIS 165433, *2, 2014 WL 6487426 (SDNY Nov. 14, 2014) (noting that a motion to transfer is non-dispositive); and *Plastic Suppliers, Inc., v. Cenveo, Inc.*, 3:10 CV 0512, 2011 U.S. Dist. LEXIS 5186, *6-7, 2011 WL 196887 (NDNY Jan. 19, 2011) ("venue transfer is regarded as a non-dispositive matter"); and *Madison v. Alves*, 05 CV 6018,

2

2006 U.S. Dist. LEXIS 49620, *5 (W.D.N.Y. July 19, 2006) (treating request for change of venue as a non-dispositive motion).

Most recent district court opinions in the Second Circuit conclude that motions for a change of venue are non-dispositive and therefore "within the pretrial reference authority of magistrate judges." *Skolnick v. Wainer*, CV 2013-4694, 2013 U.S. Dist. LEXIS 135139, *2-3, 2013 WL 5329112 (EDNY Sept. 20, 2013)*; see e.g., Alessandra v. Colvin*, 12 CV 397, 2013 U.S. Dist. LEXIS 111975, *4, 2013 WL 4046295 (W.D.N.Y. Aug. 8, 2013) ("A motion for change of venue is a non-dispositive pretrial matter which this Court may decide pursuant to [Section 636(b)(l)(A)] by Order."); *D'Amato v. ECHL, Inc.,* 13 CV 646, 2015 U.S. Dist. LEXIS 59954, *7, 8, 2015 WL 2151825 (W.D.N.Y. May 7, 2015) (explaining that the "Court will adhere to its more recent practice and consider the motion to change venue as non-dispositive [because it] does not end federal jurisdiction); *United States ex rel. Fisher v. Bank of America*, 204 F. Supp. 3d 618, 629 (SDNY 2016) ("Because a motion to transfer venue is non-dispositive, this Court [will] adjudicate it by order pursuant to 28 U.S.C. §636(b)(l)(A.)"); *Kasparov v. Ambit Tex.,* LLC, 12-CV-3488, 2016 U.S. Dist. LEXIS 31637, *9–10, 2016 WL 10749156 (EDNY March 10, 2016) ("The majority view within this circuit is that a magistrate judge has the authority to grant the non-dispositive relief sought in a motion to transfer venue."). In consideration of this, the Court issues this opinion in the form of a decision, rather than a report and recommendation.

## STANDARD OF LAW

This case is properly venued in the Western District of New York. Defendant seeks to transfer the case to the United States District Court for the Northern District

of Texas pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district to which all parties have consented." *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). "In determining whether a transfer of venue pursuant to 28 U.S.C. § 1404(a) is appropriate, district courts engage in a two-part inquiry, asking: (1) whether an action might have been brought in the proposed transferee forum, and if so, (2) whether the transfer promotes convenience and justice." *Ward v. Stewart*, 133 F. Supp. 3d 455, 460 (N.D.N.Y. 2015).

For civil suits, venue is proper in any "district in which the defendant resides or may be found." 28 U.S.C. § 1400(a.) A corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). In the instant case, there is no dispute that venue would have been proper, and thus this action could have been brought in the Northern District of Texas. Thus, the Court turns to the second part of the inquiry.

In determining whether the transfer would promote convenience and justice, the Court must consider several factors including:

> (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*New York Marine and General Ins. Co.*, 599 F.3d at 112. The forum court's familiarity with the applicable law is also considered by some courts. *AEC One Stop Group, Inc.*

4

*v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004). Trial efficiency and the interest of justice based on the totality of the circumstances is another factor the court must weigh. *Swinton v. Livingston County*, No. 15-CV- 00053A(F), 2016 WL 1056608, at * 2 (W.D.N.Y. Mar. 17, 2016). No one factor is determinative, nor is there a "rigid formula for balancing these factors." *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000). When conducting this balancing test, the Court has "broad discretion" and makes its determination based "on notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

The Supreme Court has written that the burden is on the movant to show that transfer is warranted, and "courts should give deference to a plaintiff's choice of forum." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Further, transfer is disfavored when it "merely shift[s] the inconvenience from one party to the other." *Wilshire Credit Corp. v. Barrett Cap. Mgmt. Corp.*, 976 F. Supp. 174, 182 (W.D.N.Y. 1997). Finally, the Court of Appeals for the Second Circuit has written:

> [T]he party requesting transfer carries the "burden of making out a strong case for transfer." *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989) (internal quotation marks omitted). It is therefore appropriate that the district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion.

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

## DISCUSSION

Defendant argues that it would be severely burdened should the case be litigated in the Western District of New York. It contends that Texas is the more appropriate venue because Texas has a more direct connection to the claims in this action as Defendant's headquarters are in Richardson, Texas, and all the relevant personnel, documents, and data reside there as well. Plaintiff counters that the inconvenience to Defendant is minimal when taking into consideration its resources, that most information is available digitally, and a change of venue would preclude Plaintiff from properly litigating the New York class action suit that Plaintiff alleges against Defendant.[1]

### *Plaintiff's Choice of Forum*

In general, the plaintiff's choice of forum is "entitled to substantial consideration." *In re Warwick*, 70 F.3d 736, 741 (2d Cir. 1995). However, courts give less weight to a plaintiff's choice in the context of class actions. *Id.* ("the plaintiff's choice of forum is a less significant consideration in a ... class action than in an individual action."); *Sacklow v. Saks, Inc.*, 377 F. Supp. 3d 870, 878 (M.D. Tenn., 2019) (class actions "diminish a plaintiff's claim for deference to choice of venue because class members are frequently not limited to residents of any particular

---

[1] Through footnotes in their memoranda, the parties also dispute whether any difference exists between the New York law and Federal law, and whether, pursuant to *Bristol-Meyers Squibb Co. v Superior Court*, 137 S. Ct. 1773 (2017), a court in New York would even have jurisdiction to certify a nationwide class action. The Court is aware that the New York statute permits injunctive relief, which differs from the Federal statute. The Court is not prepared to rule on the personal jurisdiction argument Defendant raises but notes that the Seventh Circuit case cited by Plaintiff is contrary to Defendant's point. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 445 (7th Cir. 2020). The Court does not consider whether Plaintiff could establish personal jurisdiction over class members in this decision.

state."); *accord* 17 James W. Moore et al., Moore's Fed. Practice–Civil ¶ 111.13[1][c][ii] (2021). Still, when a disproportionate number of class members reside within the chosen forum, this would weigh against transfer. *Warwick*, 70 F.3d at 741 n.7.

Here, Defendant argues that Plaintiff's forum choice in a nationwide class action is inconsequential where class members reside in numerous federal districts across the country. Furthermore, even though a subclass of consumers who are all New York residents exists, this is not compelling enough to give significant deference to Plaintiff's choice of forum in the context of a class action case. The Court gives this factor reduced weight, but finds it is still relevant and affords some deference to Plaintiff's choice of forum.

### *Convenience of the Witnesses*

Convenience of the witnesses is generally considered the most important factor in determining the appropriateness of a transfer of venue, and the convenience of non-party witnesses is accorded more weight than that of parties. *Hart v. Crab Addison, Inc.*, No. 13-CV-6458-CJS, 2014 WL 2865899, at *3 (W.D.N.Y. June 24, 2014.) "The Court 'does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum'; but rather 'must qualitatively evaluate the materiality of the testimony that the witnesses may provide.'" *Dickerson v. Novartis Corp. & Alcon Labs., Inc.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016) (quoting *Herbert v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)).

Here, many of Plaintiff's most important witnesses reside in the Western District of New York. These include representatives of the landlord, who reviewed and used Defendant's reports about Plaintiff which caused the landlord to deny his housing application. The property managers for Auburn Creek and Villas of Victor apartment complexes both denied Plaintiff housing because of Defendant's reports. Plaintiff's co-signer is another witness who can corroborate Plaintiff's allegations regarding his efforts to obtain housing, and the effect that Defendant's alleged actions had on Plaintiff. All these key witnesses reside within the Western District of New York. Additionally, there are witnesses that are outside the Western District of New York that are not located in Texas. Defendant states that it relied on reports provided by a credit checking corporation located in Georgia.

Furthermore, the inconveniences that Defendant would incur pales in comparison to the inconvenience Plaintiff would face should the case be transferred to Texas. Thus, the convenience balance does not favor transfer to the Northern District of Texas.

*Location of Relevant Documents*

Defendant maintains that all relevant data and documents are in Texas, and should it need to provide all documentation electronically, it asserts that the hardship and logistics required for such an endeavor would be too overbearing for it, and it would also put many sensitive documents at risk of being exposed should the data be transferred across the country. Furthermore, Defendant asserts that its protocols would require it to store the electronic information in secure data centers that would further complicate logistics for accessing the information.

Most of the information that Plaintiff would require would be available electronically. If the case were to be transferred, this would only shift the inconvenience of the forum's location to Plaintiff, as he would then need to travel to Texas to access server information, something that could have been provided to him via the Internet in his chosen forum. Sensitive information is transferred everyday using secure electronic channels. The risk posed to personal identification information sent across the country electronically is no more or less than if it is sent within Defendant's own state. Mere logistical inconveniences are not reason enough to compel transfer. Thus, this factor is neutral and favors neither keeping this case here nor transferring it.

### *Convenience of Parties*

Transfer is inappropriate where it "would merely shift the inconvenience from one party to the other." *O'Brien v. Goldstar Tech.*, 812 F. Supp. 383, 386 (W.D.N.Y. 1993). Defendant contends that should the forum remain in New York; its witnesses would be greatly inconvenienced and that the retirement or separation of any employees during the pendency of this action would preclude Defendant's ability to compel their attendance at trial. These concerns can easily be addressed by in-person depositions, or through modern videoconferencing technology, which has been regularly and successfully used throughout the COVID-19 pandemic. Furthermore, any concerns regarding witnesses leaving Defendant's employment during the pendency of the case can be addressed by recording their testimony on video for later use at trial. *See In re Hudson*, 710 F.3d 716, 719 (7d Cir. 2013) ("In our age of advanced electronic communication, including high quality videoconferencing,

9

changes of venue motivated by concerns with travel inconvenience should be fewer than in the past. Today, documents can be scanned and transmitted by email; witnesses can be deposed, examined, and cross examined remotely, and their videotaped testimony showed at trial.") Change of venue would simply shift the inconvenience from Plaintiff to Defendant. This factor does not support transfer.

### *Locus of Operative Facts*

The locus of operative facts in a case is the location where the events from which the claim arises took place. *King v. Aramark Servs., Inc.* No. 1:19-cv-77, 2019 WL 3428833, at *11 (W.D.N.Y. July 30, 2019). The present case concerns Defendant's procedures for generating tenant screening reports at clients' requests. While the claim began due to an allegation arising out of New York, all the procedures, decisions, and reviewing of Defendant's records occurred in Texas.[2] Furthermore, Plaintiff has filed this case as a nationwide class action. If other claimants were to join the case, they would have their own set of circumstances, many of which may not have occurred, and, in fact, are not likely to have occurred in New York's Western District. The one location where events took place relating to all the claimants would be Texas at Defendant's headquarters. Thus, this factor weighs in favor of transfer.

### *The Availability of Process to Compel the Attendance of Unwilling Witnesses*

Under the Federal Rules of Civil Procedure governing a subpoena requiring attendance of a witness at a hearing or trial, a nonparty witness outside of the state in which the district court presiding over the case sits, and not within 100 miles of

---

[2] Defendant points out that some information came from Equifax in Georgia.

the court, may not be compelled to attend a hearing or trial, and the only remedy available to litigants, if a witness will not attend voluntarily, is to take that witness' deposition. Fed. R. Civ. P. 45(d). Plaintiff's non-party witnesses, including the property managers of the apartment complexes who reviewed Plaintiff's documents, and Plaintiff's co-signer, are located within New York and their attendance could not be compelled if this case were to proceed to trial in Texas. Were the case transferred, any other non-party witnesses who are involved in the New York class action suit would not be able to be compelled, and this would be detrimental to Plaintiff's ability to litigate the case effectively. This factor does not weigh in favor of transfer.

### *Relative Means of the Parties*

Where there is significant financial disparity between the parties, this factor may support or discourage transfer. *Sepanski v. Janiking, Inc.*, 822 F. Supp. 2d 309, 319 (W.D.N.Y. 2011.) Defendant argues that its means relative to Plaintiff's is a red herring and that numerous other courts have held that financial imbalances are insufficient to prevent transfer in the context of a proposed nationwide FCRA class action. *See, e.g., JTHTax, Inc. v. Lee*, 482 F. Supp 2d 731,738 (E.D. Va. 2007) ("Status as a corporation with sufficient resources to defend in a foreign forum is not a factor that this court considers in a transfer analysis.") On the contrary, there are courts that do consider the relative means of the parties in the context of class action suits, although the fact that the suit is a class action may diminish the weight that is placed on this factor. *See e.g., Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 278 (D. Conn. 2006); *Wilson v. DirectBuy, Inc.*, 821 F. Supp. 2d 510, 516 (D. Conn. 2011) (deciding that class action lawsuits give this factor less weight and when there is a great

11

disparity, it only slightly tips the balance in favor of a plaintiff's chosen forum). In the context of this case, Defendant is a multimillion-dollar company that readily has the means to litigate this case in this District and would have a significant financial advantage over any individual plaintiff, or class of plaintiffs in this context, who will still have to bear the cost of litigating the case in this forum, and more costs to litigate in Texas. The Court gives this factor limited weight against transferring venue.

### *Other Factors*

The factors concerning the forum's familiarity with the governing law, the interest of justice, and judicial economy are neutral in this case. Plaintiff seeks relief under Federal and New York law. A Texas district court is certainly competent to apply both Federal and New York law. Moreover, the Federal and State statutes governing potential liability, 15 U.S.C. § 1681e(b) and N.Y. Gen. Bus. Law § 380-j(e), are very similar with both statutes requiring "consumer reporting agencies" to "maintain reasonable procedures designed to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Looking towards the interest of justice and judicial economy, this case concerns New York law, as Plaintiff has proposed a New York subclass, and thus the case has a bearing on New York residents equal to that of other residents who reside in other areas of the nation. The Western District of New York is more than capable of addressing this case. Thus, the forum's familiarity with the governing law, the interest of justice, and judicial economy are neutral factors in this case, and do not favor or disfavor transfer.

*Summary*

The sole factor weighing in favor of transfer is the locus of operative facts. Factors weighing against transfer include the deference to Plaintiff's choice of forum, convenience of witnesses, convenience of parties, the availability of process to compel the attendance of unwilling witnesses, and the relative means of the parties. Neutral factors include the location of relevant documents, the forum's familiarity with the governing law, and the interest of justice and judicial economy. The Court finds that Defendant has not made a strong showing favoring transfer, nor does the balance of factors support transferring this action to the United States District Court for the Northern District of Texas.

## CONCLUSION

Based on the foregoing, the Court denies Defendant's motion (ECF No. 9) to transfer venue to the Northern District of Texas.

SO ORDERED.

DATED:   August 20, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge